Thank you, Judge Wilkinson, and may it please the court. In 2004, 17 years into his sentence, the South Carolina Department of Probation, Parole, and Pardon Services stripped Mr. Torrence of his parole eligibility based on a 1979 armed robbery conviction that it deemed violent. We seem to agree as to the stakes. The department concedes in its response brief that parole eligibility is a state-created liberty interest that implicates due process if it is denied, end quote. And that is clear under both South Carolina Supreme Court President Fertick v. The Department and United States Supreme Court President Greenholtz v. Inmates of Nebraska. Let me ask you a preliminary question. I don't think you guys even briefed it, which is always dangerous, but jurisdiction here. Is the vesting of a new claim such that your client, Torrence, could not raise it in a Rule 60B motion to reopen? It's a jurisdictional perspective. Thank you, Judge Wynn, and I want to be sure that I answer and understand that question. I believe that Mr. Torrence's claim arises beginning in 2004 when he received the parole board's determination. He has litigated that claim for the past 18 years, but his parole eligibility actually vested when the 1993 Crime Classification Act took effect in 1994. Now, he did pursue state court remedies and exhausted those before reopening his federal habeas petition. When did he pursue the state court remedies? He pursued the state court remedies immediately after receiving the department's denial letter in 2004. He filed an administrative appeal later that same year and then filed a petition for post-conviction relief, which he pursued all the way to the South Carolina Supreme Court and received his order and remitted her in You believe that the parole board in the South Carolina courts incorrectly interpreted the South Carolina statute? Yes. Yes, Judge Agee. If they did interpret the South Carolina statute, I would respectfully submit that the error is more fundamental than that. It does not appear that the proof in the record that that issue was raised in the South Carolina appellate courts. I would point in particular to Judge Keasley's opinion, and excuse me, in the PCR case in which Judge Keasley quite clearly understands and outlines Mr. Torrance's savings clause argument, admits that it seems difficult and caused him to do research, but that he states at one point that he would need more information. It's really unclear to counsel what further information he could have that was not, that's not before this court now. So that's a PCR claim in the South Carolina circuit trial court? Yes, Judge Agee. So the point is, your client makes a claim and he takes it on up the ladder, the appellate ladder in South Carolina. So my question goes to, where in the record do we find that the claim you're bringing now about South Carolina law was raised in any of the South Carolina appellate courts? I would also point to my client's memorandum of law, which is in the joint appendix and was that this directly answers your question, but I believe it's related to what you're asking. So let me see if I can go here. Mr. Torrance, throughout the state court proceedings, was not asserting simply what I would call a state law claim, right? Of this law applies to me and you're not applying it to me. The entire time he recognized that he was actually being constitutional right and raised and preserved those claims. Whatever it may be had to have been given to him through the South Carolina statute, correct? Yes, that's correct. And there are two provisions in the 1993 act that I suggest both save and vest his right to parole eligibility by rendering his 1979 armed robbery conviction as non-violent. And those two provisions, the first is section eight of that act, under which, and I believe that we agree as to this point. Well, help me out. I'll start you out on jurisdiction issues because I'm thinking this may be a new claim, but this business of it arising under state law seems to be a separate issue. I don't know if you went on that because it seems clear. It's not a habeas remedy for a violation of state law. But do you disagree with that? I understand that position, but disagree with it and would ask that this court. It seems to be the law that you don't. I mean, there's a case from this court pretty much says that remedy, we don't give remedies for violations of state law. So sometimes violations of state law strip individuals of protected liberty or property interests, and that gives rise to a federal constitutional violation. You could make that same point with respect to any state statute. I don't see the limiting principle in what you just said. In other words, let me put it this way. To decide your due process claim, you have to answer the state law question. The state law question is antecedent to any due process claim. It's got to be front and center. And you say, well, state law may deprive someone of liberty or property interests. Well, you could just throw that same thing up, that same complaint up to any state statute anywhere and create a federal question out of it. I don't think the Supreme Court would do that. One thing, doesn't federal law enter the parole process procedurally? In other words, you take a case like Morrissey v. Brewer, and you have a revocation of parole. The revocation of parole has to be in accordance with federal due process principles. But that's due process, and the word process connotes an emphasis upon procedure. But here, what is posed to us is not a procedural question, which would fit more comfortably into a due process mode. What is posed to us is the meaning of a state statute, which is rather complicated. And why shouldn't that be left to the state courts? Because we really can't address the due process question until we know the meaning of the state law, and we're not the ones to do that. And in fact, the jurisdictional statute clearly indicates that habeas is reserved for clearly prevented federal questions. So isn't your position a recipe for getting in trouble with the Supreme Court? Pushing us into the interpretation of state substantive law on parole eligibility? How many cases would come to us on that? Hundreds. Um, respectfully, Your Honor, and I understand and respect Your Honor's jurisprudence as well on the principle of comedy, and I do believe that that is important. Let me outline some distinctions that I think make Mr. Torrance's claim different, and don't essentially open the doors to all state law claims coming to federal court. First, Mr. Torrance raises and procedure, guidelines, application, like we see in Swarthout. Parole eligibility depends on what the South Carolina statute means. Yes, Your Honor. So it seems like to me you have two problems in this case. One, as I alluded to earlier, I don't see in the record that this particular issue, what does the statute mean, was taken through the South Carolina appellate courts. But even if we assume that it was, as Judge Wilkinson indicated, you have the state law question as an antecedent to any type of federal proceeding. But in this case, it would seem to be even clearer as I read them. There are two decisions from the South Carolina Supreme Court, Phillips v. State and Sutherland v. State, that address what the statute means. And they say it applies only prospectively, and would not apply to your client at all. So in that circumstance, what authority does a federal court have to tell, to determine there's a federal right based on a state statute that the state's highest court has said doesn't apply as a matter of state law? I'll begin with Phillips v. Sullivan cases, if I may. And I do respectfully disagree with that interpretation of those cases. Those claims were raised as ex post facto violations by pro se petitioners. There is nothing in the record to suggest that those individuals argued the savings clause issue, the South Carolina Supreme Court, in neither case, acknowledges the existence of Section 266 of the 1993 Crime Classification Act. And in fact, they say the statute applies prospective. The only thing that they step back from was, well, we're not sure how it applies during that one year period or two year period, while the statute was in effect before it was repealed. But they say, I think in both cases, that it has to apply prospectively. So if the South Carolina Supreme Court has said that, how can we as a federal court say, no, you're wrong as a matter of state law, and therefore we give your client a claim? I believe that those cases can be read as interpreting to a certain extent, although I will note the Phillips footnote explicitly states it's not interpreting Section 16160B. But to it, they're acknowledging subsections B was added to the Violent Offenses Act in 1993, effective 1994. What neither of those cases addresses or acknowledges is Section 266 of the same act, which states that Section 16160B applies retroactively, other provisions apply prospectively, and all rights and pending liabilities existing acquired incurred at the time this act takes effect are saved. I do want to be sure that I address both of your points regarding the potentially antecedent state law question. I recognize that puts this court in an uncomfortable position. The South Carolina courts could have addressed the savings clause and adjudicated Mr. Torrance's claim years ago. They did not. And I would submit that this case is more akin to what it would look like if a state were to establish a parole scheme, but not follow it. It goes back to the first point I said that gave you a problem. If there was a failure in South Carolina appellate courts to raise the issue, what in the record proves that you ever told the courts that? So, and Judge Agee, I would point this court to my client's memorandum of law, which is quite impressive for a pro se litigant and was accepted by the PCR court, and also to Judge Keasley's opinion itself, which clearly outlines Mr. Torrance's claim. I understand his claim, but that doesn't prove anything. I mean, you would have to have some order or decision from the South Carolina Court of Appeals or the South Carolina Supreme Court that shows you brought this issue. Yes, and maybe I don't think you have that. Perhaps I'm not being clear. I believe that Judge Keasley's order does demonstrate that Mr. Torrance brought and raised the issue. That is how the court was made aware of the issue, and the judge goes so far as to discuss- Does that mean that the judge is acknowledging, yes, you brought it in the PCR court, but how can the judge find this fact that this issue was brought in the South Carolina appellate courts if you have no record of it? Okay, I believe I'm understanding better what you're asking. So, because Mr. Torrance's claim did not arise until long after any direct appeal and even his first PCR, it didn't arise until after he received the department's determination in 2004. He had already proceeded in state court on trial-related allegations. Council, no matter when it applied, the fundamental problem that I have here is eligibility for parole as opposed to some revocation of parole or something, but basic eligibility for parole, those criteria are matters of state law, and whether the state courts interpret the statute strictly as saying no eligibility or whether they interpret it more leniently and saying, yes, there is eligibility. The basic question of eligibility for parole is a question of state law, and there's a real jurisdictional problem there because you cannot- It's too open-ended to say, well, this state criteria, there are millions of state criteria for who's eligible, for who's not, for this and that, and if we start getting into the know, these particular criteria of eligibility are wrong or these- When you feel those are, regardless of whether they are strict or more lenient, the fact is they remain questions of state law. You cannot manufacture a federal due process claim out of a purely state law question without running afoul of the basic habeas jurisdictional statutes. That's the problem. Some things these days really do belong to our state courts and to our state legislatures, and they don't always mess it up. We don't agree with them, maybe, but they're still questions of state law. If we start getting in and saying, no, this interpretation is wrong or this interpretation- State courts interpreting state law are still dealing with a state law question. I don't see how you get around. How bottom questions of parole eligibility are matters of state law, and the federal habeas doesn't deal with that. That's the basic question. Judge Wilkinson, my response would be absence of interpretation. In this case, distinguishes it from Barclay v. Florida, distinguishes it from Swarthout v. Cook. We're talking about a situation in which there is a statute on the books that has not apparently been interpreted or applied as to my client either way, and he's been litigating this claim for 18 years. Respectfully, I would submit that that grinds against what the Supreme Court called the touchstone of due process. Again, his claim is a fundamental due process violation. He's asking for protection of South Carolina state law. But I think it's the Phillips decision. They actually have interpreted it. The state courts have expounded on it. Now, you may disagree with the way in which the state courts did it, but they did look at the statute, 16-1-60B. Whether you agree with them or whether you didn't, they looked at it. Your Honor, yes, I do believe that they acknowledge subsection B, but they do not acknowledge section 266, which is the savings clause provision in the same act that vests my client armed robbery as nonviolent. I do see that I am over time. I'm not sure I have any time to save for rebuttal, but if this court has no question. Well, you've got some time for rebuttal. Thank you, Judge Wilkinson. We look forward to hearing from you there. All right, counsel. Thank you very much. My name is Matthew Buchanan. I'm general counsel of the Department of Probation Pro-Pardon Services representing the state. With me is my co-counsel Octavia Wright. May it please the court. I would start by saying that we do have the agreement that federal due process would apply if the petitioner was parole eligible. Obviously, that question is a state law question. So, if he is parole eligible, then it would, in fact, be a due process hearing. But before we can reach that question, and the question here before this court is whether or not his due process rights were violated, this court would first have to rule upon a state law issue and have to interpret the state law 16160B and the savings clause as the petition was brought up. Does Vann compel this result? Your Honor, I believe Vann says that the petitioner, well, it first speaks to green holes where essentially there is obviously no right to parole. The federal constitution does not grant anyone the right to early release from an otherwise legitimate sentence. So, Vann says it provides a federal deference to state parole decisions. Therefore, it suggests that this court should defer to whatever guidance we do have from South Carolina regarding the interpretation. In other words, does it govern this case? Vann? Let's go to Vann. Can we just make this decision based on that? Actually, I think Vann is appropriate, but I think Ramdis is actually more appropriate because Ramdis really does speak to this court's rulings regarding parole eligibility being a state law question. Parole eligibility is a determination of law, not fact. And therefore, state law is the deciding factor on whether or not the defendant is eligible or ineligible for parole. And again, that is the question that this court must first resolve before they can get to the federal due process questions. Have the state courts rendered a decision on this particular statute? In your view, there seems to be some confusion about that. Well, certainly we do have Phillips, which while not being perfect, because I will acknowledge that the Supreme Court did rule specifically on the ex post facto question that was raised, they did at least acknowledge it. And they did point to the fact that in that footnote that they said it is perspective only. It does require an interpretation. But again, it boils down to this court would have to step in in the absence of something that is more clear. But I think that this court should not. And another reason why this court should not do this is because the petitioner actually filed his upon his receiving the notice in 2004 that he was not parole eligible from the Department of Probation, Parole and Pardon Services. He appealed twice. He appealed once in the Post-Conviction Relief Court and also in the Administrative Law Court. You would see in the record, the joint appendix 218, you have the letter from the Department of Probation, Parole and Pardon Services in 2004. On the second page, it actually gives instructions on how to appeal. And it's and it says that he has to appeal to the South Carolina Administrative Law Court. The South Carolina Administrative Law Court is the proper venue and a proper jurisdiction. All right. So let me ask you this. If let's say the petitioner here disagrees with the Phillips decision as to eligibility, you're saying what are you saying the remedy is? I'm saying it's not federal habeas. What is the remedy? Well, his remedy was to argue this to the proper jurisdictional court, which was the Administrative Law Court. You look at the decisions by the Supreme Court of South Carolina state that the proper decisions or the proper venue is the Administrative Law Court of South Carolina when it comes to parole eligibility considerations and questions. The Administrative Law Court in South Carolina is the one that deals basically with questions of parole eligibility on the state law. Is that not right? That is that is correct. Now, it all comes back again to the question of whether someone is eligible or is not eligible for parole. And if somebody doesn't like the Phillips decision, there is still a recourse to resolve this state law question of parole eligibility. But your basic point is that this antecedent question of state of parole eligibility remains. You can put it through this exercise or that exercise, but it remains a state law question, which has to be answered first before you can get into any kind of habeas jurisdiction. I agree. Yes, your honor. And did the ALJ court in this case rendered some sort of order or opinion? It did. And then the petitioner elected to not appeal that to the Court of Appeals, I believe, probably because he did get some response from Judge Keasley in the post-conviction relief action. He chose to put all his eggs in that basket and elected not to continue to appeal from the Administrative Law Court. Well, that's the court that handles these issues. Yes. They chose not to appeal. Doesn't that make sense there? And they had the opportunity to address the issue of state law, and they failed to do so. That's what I was saying. Yes, your honor. Let me ask my colleagues, I think we understand all the arguments here. Maybe it's best to throw this open to questions if Judge Wynn has questions of you. No questions, your honor. No questions. All right. All right. Well, let's hear it. So thank you very much, your honor. Thank you. Thank you. First, let me briefly address why my client exhausted. I believe that Mr. Buchanan somewhat mischaracterized the record on that point as to why he proceeded in PCR. And I do believe that as I pointed to earlier, the PCR shows that the courts understood the issue. And I would agree that the ALC completely hunted on this issue and did not address it whatsoever. Even if that's the case, and you assume that you could have brought state law interpretation claim to the PCR court, what's the proof that after that decision was rendered that it was addressed to the South Carolina Supreme Court? I think what you're asking is what happens after PCR in South Carolina. It was remitted to the Supreme Court of South Carolina, which issued an order and remitted her without opinion, affirming the PCR order, and finally denying my client relief. Shows that the issue that you raised here on the meaning of state law was addressed to the South Carolina Supreme Court. The South Carolina Supreme Court had before it my client's PCR petition and the PCR order and the memorandum of law, the entire record that the PCR court had, which included the savings clause argument. And this court would quite frankly be in a much better position today, and maybe we wouldn't be here if the South Carolina Supreme Court or any South Carolina court had actually interpreted the state. But that raises this question. Suppose the ALC court or whatever South Carolina court had said, you're not eligible for parole under state law. And that would still, we can't, we wouldn't be able to review that question if the South Carolina courts had said, you're not eligible for parole. Those are still state law rulings on state law questions. And we can't say to the state courts, well, you were wrong on how you looked at this question of state law. So I'm saying even if you received, I realize there's maybe some disagreement about the meaning of the Phillips opinion, but even if you had received a negative response or a ruling from the state saying you're not eligible for parole, state courts, state parole boards, the administrative law courts, they make those rulings all the time. And they make those rulings that under state law, someone is not eligible for parole. And I don't see how we get the authority to second guess that in view of the Supreme Court's repeated admonition that habeas is a basic, basically intended to address the deprivation of federal rights. And if there's one thing the Supreme Court of the United States has been clear about is that state law views on questions of state law are final. And it still seems to me to be a real hurdle for you to get over the fact that we can look at it from this angle or that angle, but at the close of the day, it's a state law question. Sure. And if I may briefly respond, and I would like to distinguish Van and the Angeloan cases. In those cases, first Virginia department actually had, and your honor noted in the opinion, a level of discretion in applying the parole eligibility standards, such that this court even questioned whether there was a liberty interest. That's not an issue in this case under South Carolina Supreme Court precedent. There is a liberty interest in parole eligibility in the state of South Carolina. And second regarding those cases, the Virginia courts had a clear and coherent. And again, I understand that to the extent that they make small errors, federal courts declined to intervene, but the Virginia courts had a record of interpreting the statutory language, common act transaction or scheme. We simply don't have that in this case, which is why I would respectfully submit that this would be more akin to a state enacting a parole scheme, having laws on the books that it's failing to apply to citizens. And again, a limiting principle here for it to rise to a federal due process violation. First, it would be rare that a state would do that. That's part of what makes this an odd case. And second, it would be rare that it would actually strip that person of a state created and federally protected liberty or property interest. And I see that. I see that my time is up. I would, if there are no further questions, I'd be happy to answer any other questions. Well, I just want to thank you for your argument. Are you court appointed? Thank you, Judge Wilkinson. Yes. Are you court appointed? Yes, Judge Wilkinson. All right. Then I would like to say we really depend upon our court appointed lawyers to do a good job and make an excellent argument. And you sure have done that. And so I want for the quality of your presentation. Thank you very much. Thank you very much, Judge Wilkinson.
judges: J. Harvie Wilkinson III, G. Steven Agee, James Andrew Wynn